```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL R. D'ALESSANDRO, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 05-5051 (JBS) |
| v. | |
| BUGLER TOBACCO CO., et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Michael D'Alessandro
#202420
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
     Plaintiff PRO SE

Anne Murray Patterson, Esq.
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, ESQS.
Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, NJ 07962-1981
     Attorney for Defendant Bugler Tobacco Co. a/k/a Lane Limited

John C. Barnoski, Esq.
COZEN & O'CONNOR, ESQS.
1900 Market Street
Philadelphia, PA 19103
     Attorney for Defendant John Middleton, Inc.

Sarah Brie Campbell, Esq.
OFFICE OF THE NJ ATTORNEY GENERAL
DEPARTMENT OF LAW & PUBLIC SAFETY
RJ Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
     Attorney for Defendant Kathryn E. MacFarland

David J. Bishop, Esq.
CRAMMER, BISHOP, MARCZYK & O'BRIEN, PC
508 New Jersey Avenue
Suite B3
Absecon, NJ 08201
 Attorney for Defendants Correctional Medical Services,
 Stephen E. Hoey, and Colleen Mayo

**Simandle**, District Judge:

I. INTRODUCTION

 This matter comes before the Court on the motion of Defendant John Middleton Inc. ("JMI") to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction as to claims brought against it via 42 U.S.C. § 1983, and pursuant to 12(b)(6) for failure to state a claim upon which relief may be granted as to the state law claim [Docket Item 26][1]. For the reasons explained below, the Court

---

[1] In addition, Plaintiff has moved for leave to amend his Complaint [Docket Item 48] with claims against JMI under 15 U.S.C. §§ 1331-41, the Federal Cigarette Labeling and Advertising Act (FCLAA). The Court shall deny that motion because amendment would be futile. See, e.g., Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988). First, the FCLAA does not provide any private right of action. Mangini v. R.J. Reynolds Tobacco Corp., 793 F. Supp. 925, 927 (N.D. Cal. 1992). Second, even if there were a private right of action to enforce the Act, such action could not proceed against JMI, a producer of "little cigars" within the meaning of 15 U.S.C. § 1332(7), even according to Plaintiff. FCLAA's requirement of warnings applies only to cigarettes, not to "little cigars." 15 U.S.C. § 1333. (Indeed, § 1334 preempts state failure to warn claims by smokers against cigarette manufacturers who label their products as required. Cipollone v. Liggett Group, Inc., 789 F.2d 181, 187 (3d Cir. 1986 ) ("[T]he Act preempts those state law damage actions relating to smoking and health that challenge either the adequacy of the warning on cigarette packages or the

will grant JMI's motion to dismiss the constitutional claims against it, which were brought pursuant to 42 U.S.C. § 1983 and which aspect of the motion Plaintiff does not oppose.  However, the Court will deny the motion to dismiss the products liability claim against JMI pursuant to Fed. R. Civ. P. 12(b)(6).

## II.	BACKGROUND[2]

Plaintiff, Michael D'Alessandro, is a New Jersey State inmate, currently incarcerated at South Woods State Prison in Bridgeton, New Jersey ("South Woods").  On October 13, 2005 he commenced this action against multiple public and private entities, including JMI, whom he claimed were responsible for his exposure to environmental tobacco smoke ("ETS") in the prison.

In Count Two of the Complaint, Plaintiff alleges that JMI's

---

propriety of a party's actions with respect to the advertising and promotion of cigarettes. [W]here the success of a state law damage claim necessarily depends on the assertion that a party bore the duty to provide a warning to consumers in addition to the warning Congress has required on cigarette packages, such claims are preempted as conflicting with the Act."). It is unclear, however, whether FCLAA also preempts claims of harm from exposure to second-hand cigarette smoke. See Wolpin v. Philip Morris, 974 F. Supp. 1465 (S.D. Fl. 1997) and Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539 (D. Md. 1997) (FCLAA does not preempt state claims of harm from exposure to second-hand smoke.)  The Court need not reach the preemption issue as to second-hand smoke in this case, however, as it is clear the Act provides no private right of action on which to proceed and even if it did, the labeling requirement applies only to cigarettes; the Complaint indicates that JMI's product is not a cigarette. Thus amending the Complaint to add claims under FCLAA would be futile.)

[2]  The facts set forth here are those alleged in the Complaint.

failure to label its Black & Mild Cigars with warnings of the risks posed by ETS caused him "(1) permanent injury to his lungs and, (2) aggr[a]vation of his preexisting serious medical condition, and future, further unnecessary damage and, physical pain and mental anguish."  Plaintiff further alleges that JMI's "acts and/or omissions were and are deliberate and wicked." Although the entire Complaint is explicitly described as a series of Eighth Amendment claims, brought via 42 U.S.C. § 1983, which, as Plaintiff now concedes (Pl. Br. at 6.), are not viable against this non-state actor defendant, the parties construe this Count as also asserting a products liability claim pursuant to New Jersey law.  Under the liberal pleading rules, the Court will do the same.  Defendant has moved to dismiss that claim pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff is a non-smoker who has been confined in South Woods since December 11, 2000 in two- or four-person cells with inmates who are allegedly addicted to JMI's Black & Mild "Little Cigars" and Bugler's loose tobacco.  (Compl. at 4.)  He has been treated for cardiac and related conditions since 1989.  (Id.) Since December 12, 2000, Plaintiff has been "compelled to take indoor recreation in a ±40 X 40' dayroom, with chain-smoker addicts of Bugler Tobacco cigarett[e]s and/or Black & Mild perfume scented cigars, notwithstanding that the day room is [a] designated non-smoking area . . . ."  (Compl. at 5.)  His

4

continued exposure to second-hand smoke since 2000 has exacerbated his cardiac condition and made it difficult for him to breathe.  (Id.)  Plaintiff has made numerous complaints to the prison officials, to no avail.  (Compl. at 5-6.)

### III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

#### A.   Standard of Review

The Court will deny a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts stated in the Complaint.  Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the Court must view all allegations in the Complaint in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The question before the Court is not whether the plaintiff will ultimately prevail; rather, it is whether that plaintiff can prove any set of facts in support of its claims that would entitle it to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, in deciding a motion to dismiss, a court should look to the face of the Complaint and decide

5

whether, taking all of the allegations of fact as true and construing them in a light most favorable to the plaintiff, those allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The Court will consider only the allegations in the Complaint, matters of public record, orders, and exhibits attached to the Complaint. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

### B. Parties' Arguments

JMI argues that a products liability claim against it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because (1) JMI has no duty to warn smokers of the obvious risks of its product and (2) Plaintiff cannot prove causation. Plaintiff, who is proceeding pro se, argues that the Court should construe his pleadings more liberally than those drafted by attorneys (Pl. Br. at 3) (citing Haines v. Kerner, 404 U.S. 519 (1972)) and that he has stated a claim under New Jersey products liability law, N.J. Stat. Ann. § 2A:58C-2, against JMI for its failure to warn of the risks associated with ETS (Pl. Br. at 9).

### C. Discussion

The Court must analyze Plaintiff's failure to warn claim under N.J. Stat. Ann. § 2A:58C-2, which provides, in relevant part:

> A manufacturer or seller of a product shall
> be liable in a product liability action only

> if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it:. . . b. failed to contain adequate warnings or instructions. . . .

Thus, Plaintiff's claim is a strict liability claim.

> Since a product liability action encompasses "any claim or action brought by a claimant for harm caused by a product," N.J.S.A. 2A:58C-1, (emphasis added), and section 2 describes the sole method of proof, namely that recognized for strict liability claims, it is clear that common-law actions for negligence or breach of warranties (except express warranties) are subsumed within the new statutory cause of action, if the claimant and harm also fall within the definitional limitations of section 1.

Tirrell v. Navistar Int'l, 248 N.J. Super. 390, 398 (App. Div.) certif. denied 126 N.J. 390 (1991).

> To establish a cause of action in strict liability for a defective product, a plaintiff must prove that the defect existed when the product left the defendant's control and that the defect caused injury to a reasonably foreseeable user. See Jurado v. Western Gear, 131 N.J. 375, 385, 619 A.2d 1312 (1993); O'Brien v. Muskin Corp., 94 N.J. 169, 186, 463 A.2d 298 (1983). In a failure-to-warn case, the alleged product defect is not a flaw in the structure or design of the product itself. Rather, the defect is the absence of a warning to unsuspecting users that the product can potentially cause injury. Freund v. Cellofilm Properties, Inc., 87 N.J. 229, 242, 432 A.2d 925 (1981) (holding that "the duty to warn in the strict liability cause of action is based on the notion that absent a warning or

7

> adequate warning a product is defective, in that it is not reasonably fit, suitable or safe for intended purposes"). Nevertheless, the same elements to establish a cause of action apply when a plaintiff's claim concerning a defective product is based on a failure to warn. Id. at 241, 432 A.2d 925.
>
> Causation is a fundamental requisite for establishing any product-liability action. The plaintiff must demonstrate so-called product-defect causation--that the defect in the product was a proximate cause of the injury. Michalko v. Cooke Color & Chem. Corp., 91 N.J. 386, 394, 451 A.2d 179 (1982); Vallillo v. Muskin Corp., 212 N.J.Super. 155, 159, 514 A.2d 528 (App. Div.1986). When the alleged defect is the failure to provide warnings, a plaintiff is required to prove that the absence of a warning was a proximate cause of his harm. See Campos v. Firestone Tire & Rubber Co., 98 N.J. 198, 485 A.2d 305 (1984).

Coffman v. Keene Corp., 133 N.J. 581, 593-94 (1993).

The New Jersey Supreme Court has adopted a presumption that a plaintiff would have "heeded" an adequate warning if it had been given.

> [W]ith respect to the issue of product-defect causation in a product-liability case based on a failure to warn, the plaintiff should be afforded the use of the presumption that he or she would have followed an adequate warning had one been provided, and that the defendant in order to rebut that presumption must produce evidence that such a warning would not have been heeded.

Id. at 602-3.

> [T]he effect of the heeding presumption would

> be to "direct factual inquiries to the real causes of injury in a failure-to-warn case." Id. at 601, 628 A.2d 710. In other words, it would shift the plaintiff's burden on the element of causation away from proof that the defendant's failure to warn caused the plaintiff's exposure to the defendant's product (product-defect causation), and toward proof that the defendant's product caused the plaintiff's injury or illness (medical causation).
>
> As a result of the heeding presumption, the burden on a plaintiff to establish product-defect causation in the failure-to-warn context is not an onerous one. Initially, the plaintiff must establish that the defendant had a duty to warn. To establish such a duty, the plaintiff must satisfy "a very low threshold of proof in order to impute to a manufacturer sufficient knowledge to trigger the duty to provide a warning of the harmful effects of its product." Id. at 599, 628 A.2d 710. In cases proceeding under a theory of strict liability, knowledge of the harmful effects of a product will be imputed to a manufacturer on a showing that "knowledge of the defect existed within the relevant industry." Ibid. Once proof of such knowledge in the industry has been established, triggering the duty to warn, the plaintiff must show that an adequate warning was not provided.

James v. Bessemer Processing Co., 155 N.J. 279, 297-98 (1998) (citations omitted). JMI has raised no argument that the heeding presumption should not apply in this case. Further, Plaintiff has alleged that JMI actually knew that its product created ETS that caused harm to nonsmokers. (Compl. at 9-10.)

Given the heeding presumption, Plaintiff's Complaint is sufficient at this stage. The Court cannot say that it would be

impossible for Plaintiff to show that JMI was aware since December 2001 of the harm ETS causes.  Nor is the "adequacy" of the warning, N.J. Stat. Ann. § 2A:58C-4, testable at this stage, Dixon v. Jacobsen Mfg. Co., 270 N.J. Super. 569, 590-91 (App. Div. 1998) (adequacy is question of fact).

Therefore, the Court finds that Plaintiff can proceed, for now, against JMI on a theory that he suffered from exposure to ETS caused by JMI's failure to adequately warn smokers of the harms that its cigars cause to non-smokers.  However, the Court notes that because JMI has failed to raise several issues that appear to be problematic for Plaintiff's claim, the Court has not addressed them at this point in time.

First, the Court has not decided whether Plaintiff's claim is barred by the statute of limitations.  N.J. Stat. Ann. § 2A:14-2.  Plaintiff filed this action on October 18, 2005.  JMI has not raised any statute of limitations argument at this stage and Plaintiff avers that he did not discover his injury from second-hand smoke until he was diagnosed with Chronic Obstructive Pulmonary Disease in December 2004. (Compl. at 6).  Plaintiff argues that pursuant to the "discovery rule," Vispisiano v. Ashland Chemical Co., 107 N.J. 416, 419 (1987), his complaint was timely when filed.  (Pl. Br. at 6.)  Because a statute of limitations defense is one a defendant must raise, the Court has not addressed the issue.

10

Second, the Court has not addressed the issue whether this claim is preempted by a federal consent decree between JMI and the FTC, which is outside the pleadings. Both parties acknowledge that on August 18, 2000, Defendant JMI entered into a consent decree[3] with the Federal Trade Commission ("FTC") that required it, within 180 days, to label its products with a rotation of the Surgeon General's warnings, including one warning about ETS, which states:

> SURGEON GENERAL WARNING: Tobacco Smoke Increases The Risk Of Lung Cancer And Heart Disease, Even In Nonsmokers.

JMI makes no argument that the entry of the consent decree preempts this action[4], and the Order itself is not an exhibit to the pleadings, so the Court will not consider it or address the

---

[3] In re John Middleton, Inc., No. C-3968 (Aug. 18, 2000) available at http://www.ftc.gov/os/2000/08/middleton.do.htm (last visited Dec. 4, 2006).

[4] Section X of the Consent Decree states: "IT IS FURTHER ORDERED that the Commission intends that this order provide for a uniform, federally mandated system of health warnings on cigar packages and advertisements nationwide. Entry of the order will uniformly provide consumers in all states and territories of the United States with clear, conspicuous and understandable disclosures of the health risks of cigar smoking. The Commission shall consider a state or local requirement for the display of different warnings concerning cigar smoking and health to be in conflict with the requirements of this order, but only to the extent that any such provision requires that the state or local warning appear on any package or advertisement required to display the Federal warnings set forth herein." Id.

preemption issue at this stage.  Cf. General Motors Corp. v. Abrams, 897 F.2d 34, 39 (2d Cir. 1990) ("[A] consent order reflecting a reasonable policy choice of a federal agency and issued pursuant to a congressional grant of authority may preempt state legislation," if intended to do so).  But see Dean v. City of Shreveport, 438 F.3d 448, 464 (5th Cir. 2006) ("As far as preemption is concerned, a voluntary consent decree has the same effect on state law as does a voluntary affirmative action program--none.") (citing In re Birmingham Reverse Discrimination Employment Litig., 833 F.2d at 1501 (11th Cir. 1987)).

Third, the Court has not considered whether any warnings by JMI, implemented pursuant to the consent decree or otherwise, were adequate within the meaning of N.J. Stat. Ann. § 2A:58C-4. Nor, finally, has the Court considered whether, if the warnings were adequate, Plaintiff's exposure to ETS during the period of time in which he was incarcerated but before JMI was labeling its cigars constitutes a de minimis exposure that could not subject JMI to liability.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss the constitutional claims against JMI but deny the motion to dismiss the state law claim brought pursuant to N.J.

Stat. Ann. § 2A:58C-2(b).  The accompanying Order shall be entered.


| | |
|---|---|
| **December 7, 2006** | **s/ Jerome B. Simandle** |
| Date | Jerome B. Simandle |
| | U.S. District Court |