```
          IN THE UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL R. D'ALESSANDRO,<br><br>            Plaintiff,<br><br>     v.<br><br>BUGLER TOBACCO CO., et al.,<br><br>            Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 05-5051 (JBS)<br><br>**MEMORANDUM OPINION** |

**Simandle, District Judge**:

    1.  This matter comes before the Court on Plaintiff's appeal [Docket Item 66] from Magistrate Judge Rosen's denial [Docket Item 50] of Plaintiff's motion for the appointment of pro bono counsel [Docket Item 34].  See Fed. R. Civ. P. 72.  The appeal is unopposed.

    2.  The Federal Magistrates Act of 1968 provides that a district court may reverse a magistrate judge's determination of a non-dispositive issue if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); accord Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987).  "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting Lo Bosco

v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995) (internal citation omitted)).

3. In his June 26, 2006 Order, Magistrate Judge Rosen dismissed Plaintiff's motion for pro bono counsel without prejudice pending the outcome of Defendant MacFarland's motion to set aside Plaintiff's in forma pauperis status.

4. However, that motion was not pending because on June 1, 2006 [Docket Item 12], the Court had denied it and permitted Plaintiff to retain his in forma pauperis status. Therefore, Magistrate Judge Rosen's dismissal of Plaintiff's motion for pro bono counsel [Docket Item 34] was in error and should be reversed. See 28 U.S.C. § 636(b)(1)(A).

5. On remand, Magistrate Judge Donio is requested to promptly consider the merits of Plaintiff's motion for the appointment of pro bono counsel [Docket Item 34]. An accompanying Order shall be entered.


**January 4, 2007**                              **s/ Jerome B. Simandle**
Date                                             Jerome B. Simandle
                                                 U.S. District Judge