```
            IN THE UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL R. D'ALESSANDRO, | HON. JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 05-5051 (JBS) |
| BUGLER TOBACCO CO., et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge**:

This matter comes before the Court on the motion of Defendant John Middleton, Inc. ("JMI") for reconsideration of the Court's December 7, 2006 Opinion and Order ("the December Opinion"), which denied, in part, JMI's motion to dismiss and permitted Plaintiff's state law claims to proceed against JMI. For the following reasons, the Court will deny the motion for reconsideration:

1. Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs motions for reconsideration. The rule requires that the moving party set forth the factual matters or controlling legal authority that it believes this Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. DeLong Corp. v. Raymond Int'l, Inc.,

622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  The purpose of a motion for reconsideration "is to correct manifest errors of law or to present newly discovered evidence."  Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly.  Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citing Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993).  Nor is reconsideration warranted when the moving party simply recapitulates the cases and arguments considered by the court prior to rendering its initial decision.  Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J. 1989).

    2.  In its December Opinion, the Court found that the state law claims could survive JMI's motion to dismiss.  The Court noted, however, that it was not making any findings on the timeliness of Plaintiff's action because JMI had not moved to dismiss on statute of limitations grounds.

    3.  In its motion for reconsideration, JMI claims that the Court overlooked the statute of limitations arguments it raised

in its Reply Brief.  JMI notes that the Court's December Opinion did not cite to this brief at all and, thus, JMI hypothesizes that the Court may have overlooked it. (JMI Br. at 4-5.)  JMI concedes, however, that it did not raise the statute of limitations argument in its initial brief on the motion. (Id. at 5.)

4.  JMI is correct in noting that the Court did not consider its Reply Brief in formulating the decision on JMI's motion to dismiss.  However, the Court did not simply "overlook" this brief; rather JMI failed to properly file the brief.  Although JMI filed the brief electronically, Local Civil Rule 7.1(g) required JMI to submit a courtesy copy of the brief to the Judge's chambers in paper form as well.  If JMI had addressed this rule, the brief would have come to the Court's attention.  Unfortunately, the Court did not search for a reply brief on the electronic docket, since its absence did not seem noteworthy.  Nonetheless, in fairness to JMI, the Court has read the reply brief and addresses it now.

5.  The Court declines to consider the statute of limitations argument because it was not raised on the initial motion, as JMI concedes.  "A moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.  See International Raw Materials, Ltd. v. Stauffer Chem. Co., 978 F.2d 1318, 1327 n. 11

(3d Cir. 1992) (refusing to consider an issue raised for the first time in a reply brief); see also Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 204-05 n. 29 (3d Cir. 1990)." Ballas v. Tedesco, 41 F. Supp. 2d 531, 533 (D.N.J. 1999). The reason for not considering new bases for relief raised for the first time in a reply brief is self evident: No sur-reply is permitted, so the opponent has no opportunity to address the new defense.

  6. Although the Court did not consider the statute of limitations issue, that is not grounds for reconsideration because JMI did not properly raise the issue in its motion to dismiss. JMI is free to raise the issue properly and brief it, giving Plaintiff an opportunity to respond to any arguments JMI raises and the Court a full opportunity to determine whether the action is barred on statute of limitations grounds. An accompanying Order shall be entered.

**January 12, 2007**          **s/ Jerome B. Simandle**
Date                  Jerome B. Simandle
                     U.S. District Judge