IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL R. D'ALESSANDRO,<br><br>    Plaintiff,<br><br>  v.<br><br>BUGLER TOBACCO CO., et al.,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 05-5051 (JBS)<br><br>**MEMORANDUM OPINION** |

   This matter comes before the Court upon Defendant John Middleton Inc.'s motion for summary judgment [Docket Item 129] and Plaintiff pro se Michael D'Alessandro's motion to stay this action [Docket Item 159]. The Court finds as follows:

   1.  Motions to stay are within the district court's discretion but should be granted when a party who is ill cannot participate in the preparation of its case if the party's participation is necessary, the stay does not unduly prejudice another party, and the motion is not made in bad faith or merely to procrastinate. See Gaspar v. Kassm, 493 F.2d 964, 969 (3d Cir. 1974) ("It is customary to grant a continuance on the ground of illness of a party. It is the law that where none of the foregoing appear, the denial of a continuance for illness is abuse of discretion.")

   2.  Plaintiff, who is representing himself, reports that he is ill, has been advised that he needs cardiac bypass surgery, is

in the hospital ward of the prison and therefore has less access to legal research and writing materials, and finds it difficult to prosecute his claims at this time.  The motion to stay is opposed only by Defendant John Middleton Inc., whose attorney (John Barnoski) wrote on September 11, 2007 that its motion for summary judgment has been fully briefed since July and Plaintiff is not entitled to make any more submissions to its motion.  Otherwise, no remaining party claims it would be prejudiced by a stay.  Further, it does not appear that Plaintiff filed the motion to stay in bad faith or to delay this matter and no Defendant alleges that this is the case.  In any event, the Court can protect against any prejudice or unfair delay by granting the stay only as to future progression of this case and currently deciding the motions pending before it, which were fully briefed prior to Plaintiff's current incapacitation and request for a stay.

3.   Therefore, the Court shall grant the motion to stay [Docket Item 159].  The parties shall make no further motions to this Court until the stay is lifted.

4.   However, because the motion for summary judgment by Defendant John Middleton Inc. ("JMI") was fully briefed, including Plaintiff's submissions, well before Plaintiff requested a stay in this matter and no issues raised in Plaintiff's motion to stay hindered his opposition to the summary

judgment motion, the Court's stay shall not affect its ability to decide that fully briefed motion currently pending before it.[1]

5.  Defendant JMI moves for summary judgment pursuant to Fed. R. Civ. P. 56(b), arguing that the applicable statute of limitations bars Plaintiff's only remaining claim against JMI, a New Jersey tort claim for failure to warn.  JMI also argues that the law of the case supports the entry of summary judgment in its favor because the Court already found that an identical claim against a co-defendant was untimely.  See D'Alessandro v. Bugler Tobacco Co., No. 05-5051 (JBS), slip op., 2007 WL 748443 (D.N.J. March 7, 2007), reconsideration denied, No. 05-5051 (JBS) (Apr. 24, 2007).

6.  Plaintiff filed this action on October 18, 2005. According to the Complaint, Plaintiff was aware of his exposure to second-hand smoke from JMI's products since early 2001 and continually complained of the harm it was causing his health. (Compl. ¶¶ 11-12.)  The applicable statute of limitations, N.J. Stat. Ann. § 2A:14-2, provides Plaintiffs with two years from the time the cause of action accrues to file personal injury claims.

---

[1] A motion to amend the Complaint is also currently pending before Magistrate Judge Donio [Docket Item 150].  Like the motion for summary judgment considered here, that motion was fully briefed before Plaintiff sought a stay and thus is unaffected by this Court's decision to grant the stay.  Magistrate Judge Donio need not abstain from addressing that motion.

7.   Plaintiff opposes the motion for summary judgment, however, arguing that the discovery rule tolls the statute of limitations until he learned of the medical effects of JMI's products, in 2004 or 2005.

8.   As the Court has explained in a prior Opinion in this case, the discovery rule does not toll Plaintiff's claims because under New Jersey law "the discovery rule does not apply when an injured party knows of the existence and source – but not the extent – of his medical injury." D'Alessandro, No. 05-5051 (JBS), slip op. at 16, 2007 WL 748443, at *6 (citing Lapka v. Porter Hayden Co., 162 N.J. 545, 555-56 (2000)).  On the facts alleged in the Complaint, Plaintiff knew since 2001 that exposure to smoke from JMI's products made it difficult for him to breathe, aggravating a preexisting cardiac condition.  The fact that he allegedly later received medical confirmation of the harm when his lungs were x-rayed in December 2004 does not mandate tolling the statute of limitations until that date.  Courts have recognized that prisoners may sue to prevent continued exposure to environmental tobacco smoke, even without medical confirmation that such exposure has already caused physical injury.  See, e.g., Helling v. McKinney, 509 U.S. 25 (1993).  Indeed, the Court has already decided these issues and there are no "unusual circumstances" that would warrant a different outcome.  See

4

Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1981) (describing law of the case doctrine).

    9.  Accordingly, Plaintiff's claim against JMI is barred by the statute of limitations as a matter of law and the Court shall grant JMI's motion for summary judgment.

    10. As discussed above, this matter is stayed pending further Order of the Court.  An appropriate Order shall be entered.


**October 2, 2007**                              **s/ Jerome B. Simandle**
Date                                             Jerome B. Simandle
                                                 U.S. District Judge