IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL R. D'ALESSANDRO, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE |
| v. | Civil No. 05-5051 (JBS/AMD) |
| BUGLER TOBACCO COMPANY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff Michael D'Alessandro's appeal of the Magistrate Judge's June 25, 2009 Order denying appointment of counsel pursuant to 28 U.S.C. § 1915(e) without prejudice and motion for reconsideration of this Court's June 26, 2009 Order administratively terminating this action without prejudice [Docket Item 182].  THIS COURT FINDS AS FOLLOWS:

    1.  Plaintiff brought suit in this Court on October 18, 2005.  The underlying merits of this case have been addressed at length in other opinions, including this Court's opinion of March 2, 2007, and will not be revisited here.  Though the case has remained pending for over four years, Plaintiff has taken no action to move his case forward, other than renew a request for the appointment of counsel, since August 2007, when he requested

that the Court stay this case due to his medical difficulties [Docket Item 159].

    2.  On October 2, 2007, the Court granted Plaintiff's request for a temporary stay [Docket Item 164].  On March 10, 2008, the Magistrate Judge granted in part and denied in part Plaintiff's request to amend his complaint, giving Plaintiff twenty days to file his amended complaint [Docket Item 167].  On December 29, 2008, the Court extended the time Plaintiff had to file his amended complaint until February 17, 2009 [Docket Item 173].

    3.  To date, Plaintiff has not filed an amended complaint.

    4.  On December 22, 2008, Plaintiff requested that the Court continue to stay the case and renewed his request for appointment of counsel [Docket Item 174], previously denied without prejudice on January 26, 2007 [Docket Item 115], June 26, 2007 [Docket Item 149] and March 10, 2008 [Docket Item 167].

    5.  On December 28, 2008, the Court extended the stay until January 29, 2009 and ordered that Plaintiff filed his amended complaint by February 17, 2009, or the case would be administratively terminated [Docket Item 173].

    6.  In four letters, dated December 17, 2008 [Docket Item 174], December 23, 2008 [Docket Item 175], January 15, 2009 [Docket Item 176], and March 30, 2009 [Docket Item 177], Plaintiff set out his arguments in support of appointment of

counsel.  In brief, Plaintiff argued that counsel should be appointed because there is no law library at his present institution, his legal papers have not yet been transferred to him, he has no paralegal inmate assistance, he cannot photocopy legal papers, and he is not provided envelopes, paper, pens or access to a typewriter.

7. On June 25, 2009, the Magistrate Judge denied without prejudice Plaintiff's informal application for counsel [Docket Item 179].  In her order, the Magistrate Judge began by reviewing the applicable standard for granting or denying counsel in Tabron v. Grace, 6 F.3d 147, 156-57 (3d Cir. 1993), and found that Plaintiff had only addressed one factor of the Tabron analysis, namely "Movant's ability to present his or her own case."[1]  Id. The Magistrate Judge then found that Plaintiff's limited access to legal assistance or a law library, on its own, was not grounds for appointing counsel, citing multiple cases in support of this principle.  See Borestky v. Corzine, No. 08-2265, 2008 WL 5047939, at *2, 7-8, 11 (D.N.J. Nov. 20, 2008); Hennessey V. Atlantic County Dep't of Pub. Safety, No. 06-143, 2008 U.S. Dist. LEXIS 84936, at *10 (D.N.J. Oct. 22, 2008); Bacon v. Sheerer, No. 06-0504, 2006 WL 2990367, at *1 (D.N.J. Oct. 18, 2006).  Next the

---

[1] In her opinion, the Magistrate Judge incorporated a previous order denying Plaintiff's request for counsel without prejudice [Docket Item 149], in which she addressed each of the Tabron factors, and found that, on balance, the appointment of counsel was not warranted.

Magistrate Judge observed that, despite his alleged inability to access a typewriter, pens, paper, or envelopes, Plaintiff was able to submit multiple handwritten requests to the Court. Finally, the Magistrate Judge found that in order to proceed, Plaintiff need only file an amended complaint, and that Plaintiff had failed to show why counsel would be required for this step, because Plaintiff has repeatedly demonstrated his ability to articulate his proposed additional claims.  Consequently, the Magistrate Judge found that the Tabron factors did not warrant appointment of counsel.

8.  On June 26, 2009, the Court administratively terminated this action without prejudice, based on Plaintiff's repeated representations that he was not able to prosecute his case at this time [Docket Item 180].

9.  On July 22, 2009, Plaintiff filed the instant motion for reconsideration of the Court's Order administratively terminating this action and appeal of the Magistrate Judge's Order denying his request for appointment of counsel without prejudice [Docket Item 182].  In his appeal, Plaintiff incorporates the arguments set forth in his previous four letters in support of his application for appointment of counsel.  He also references complications following cardiac surgery in June 2009, from which he suffered from chest pains as of July 30, 2009.

4

10.  The Court will first address Plaintiff's appeal of the Magistrate Judge's June 25, 2009 Order denying Plaintiff's request for appointment of counsel.  In considering an appeal of a nondispositive order by a Magistrate Judge, the Court will modify or vacate an order only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).

> A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. [Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998)]. The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).  However, "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Rhett v. N.J. State, 2007 WL 1456199, **1-2, 2007 U.S. Dist. LEXIS 35350, at *4 (D.N.J. May 14, 2007).

Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).  When reviewing a nondispositive decision, the Court must limit its review to the record that was before the Magistrate Judge.  Haines v. Liggett Group Inc., 975 F.2d 81, 91-93 (3d Cir. 1992).

11.  For the reasons set forth below, the Court finds that the Magistrate Judge's decision was neither clearly erroneous nor contrary to law.  Contrary to Plaintiff's suggestion, the

5

Magistrate Judge did accurately and thoroughly weigh all the facts that Plaintiff set out in his multiple letters.  The Court agrees that limited access to legal resources does not, on its own, justify appointment of counsel.  Moreover, and most significantly, the Magistrate Judge denied Plaintiff's request for counsel without prejudice at this stage because all that is required of Plaintiff at this point in time is to file an amended complaint, and Plaintiff has not set forth any reason why he cannot articulate his proposed new claims.  To the contrary, Plaintiff has shown himself to be intelligent and articulate in his multiple letters requesting counsel and seeking to prolong the stay of his case.[2]  Consequently, the Court will affirm the order of the Magistrate Judge denying Plaintiff counsel.

    12.  In light of the above analysis, the Court agrees with Plaintiff that the order to administratively terminate this action is inconsistent with aspects of the decision to deny counsel.  The Court, having found that Plaintiff has demonstrated himself capable of articulating his claims, will reopen this case and order that Plaintiff file his amended complaint within the parameters permitted by Judge Donio's March 10, 2008 Order

---

[2] To the extent that Plaintiff raises new facts on appeal -- namely, his chest pain as a consequence of cardiac surgery -- Plaintiff has not asserted that this prevents him from articulating his new claims (or that it remains a current problem).  The Court sees no basis to reverse the Magistrate Judge's opinion or to return the decision to the Magistrate to reevaluate.

[Docket Item 167], as extended by the Order of December 29, 2008 [Docket Item 173], no later than **Monday, February 22, 2010** or this action with be dismissed with prejudice for failure to prosecute.

    13.   The accompanying Order shall be entered.


**January 26, 2010**                           _s/ Jerome B. Simandle_
Date                                      JEROME B. SIMANDLE
                                                  United States District Judge