IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL R. D'ALESSANDRO, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE |
| v. | Civil No. 05-5051 (JBS/AMD) |
| BUGLER TOBACCO COMPANY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff Michael D'Alessandro's request that this Court place his case on administrative hold and/or appoint pro bono counsel [Docket Item 189] and further upon Plaintiff's failure to file an amended complaint by April 30, 2010, as ordered by the Court. THIS COURT FINDS AS FOLLOWS:

1. Plaintiff brought suit in this Court on October 18, 2005. The underlying merits of this case have been addressed at length in other opinions, including this Court's opinion of March 2, 2007, and will not be revisited here. Though the case has remained pending for over four years, Plaintiff has taken no action to move his case forward, other than renew a request for the appointment of counsel, since August 2007, when he requested that the Court stay this case due to his medical difficulties [Docket Item 159].

2. On October 2, 2007, the Court granted Plaintiff's request for a temporary stay [Docket Item 164]. On March 10, 2008, the Magistrate Judge granted in part and denied in part Plaintiff's request to amend his complaint, giving Plaintiff twenty days from the lifting of the order staying his case to file his amended complaint [Docket Item 167].

3. On December 22, 2008, Plaintiff requested that the Court continue to stay the case and renewed his request for appointment of counsel [Docket Item 174], previously denied without prejudice on January 26, 2007 [Docket Item 115], June 26, 2007 [Docket Item 149] and March 10, 2008 [Docket Item 167].

4. On December 28, 2008, the Court extended the stay until January 29, 2009 and ordered that Plaintiff file his amended complaint by February 17, 2009, or the case would be administratively terminated [Docket Item 173].

5. To date, Plaintiff has not filed an amended complaint.

6. In four letters, dated December 17, 2008 [Docket Item 174], December 23, 2008 [Docket Item 175], January 15, 2009 [Docket Item 176], and March 30, 2009 [Docket Item 177], Plaintiff set out his arguments in support of appointment of counsel. In brief, Plaintiff argued that counsel should be appointed because there is no law library at his present institution, his legal papers have not yet been transferred to him, he has no paralegal inmate assistance, he cannot photocopy

legal papers, and he is not provided envelopes, paper, pens or access to a typewriter.

    7. On June 25, 2009, the Magistrate Judge denied without prejudice Plaintiff's informal application for counsel [Docket Item 179]. The next day, the Court administratively terminated this action without prejudice, based on Plaintiff's repeated representations that he was not able to prosecute his case at this time [Docket Item 180].

    8. On July 22, 2009, Plaintiff filed a motion for reconsideration of the Court's Order administratively terminating this action and appeal of the Magistrate Judge's Order denying his request for appointment of counsel without prejudice [Docket Item 182]. On January 26, 2010, the Court affirmed the Magistrate Judge's opinion denying appointment of counsel without prejudice, reopened Plaintiff's case, noting that "Plaintiff has demonstrated himself capable of articulating his claims," and ordered Plaintiff to submit his amended complaint no later than February 22, 2010 [Docket Items 183 & 184].

    9. On February 18, 2010, Plaintiff submitted another request for appointment of counsel and asked that the Court reinstate the administrative hold [Docket Item 185]; requests the Court denied on February 23, 2010, finding that Plaintiff had not set forth any new grounds on which the Court would appoint counsel [Docket Item 186]. Nevertheless, the Court did grant

Plaintiff an extension of time in which to file his amended complaint until March 16, 2010.  The Court stated:

> All that is required of Plaintiff is to eliminate from his proposed amended complaint those claims that Judge Donio declined to grant leave to include in his amended complaint.  Plaintiff must then file that amended complaint and serve all appropriate parties.  To facilitate this next step, the Court will order the Clerk of Court to send Plaintiff, along with a copy of this order, a copy of (1) the docket sheet in this action, (2) Magistrate Judge Donio's March 10, 2008 Order granting in part and denying in part Plaintiff's motion to amend his complaint [Docket Item 167], and (3) Plaintiff's motion to amend his complaint and proposed amended complaint [Docket Item 150].

[Docket Item 186].

    10.  On March 3, 2010, Plaintiff submitted a letter requesting additional time to submit his complaint in light of an upcoming hearing on his request for post-conviction relief [Docket Item 187].  The Court granted that request, giving Plaintiff until April 30, 2010 to submit his amended complaint [Docket Item 188].

    11.  Plaintiff did not file his amended complaint by April 30, 2010.  Instead, he filed the instant request, largely a repetition of arguments made in his requests on February 18, 2010 [Docket Item 185], July 22, 2010 [Docket Item 182], March 30, 2009 [Docket Item 177], January 15, 2009 [Docket Item 176], December 23, 2008 [Docket Item 175], and December 17, 2008 [Docket Item 174] explaining why he cannot prosecute his case.  He states that he cannot submit his amended complaint because he

cannot afford paper, envelopes, or photocopying, he has no access to a type writer, and the law library is inadequate.

    12. For the reasons expressed below, the Court will deny Plaintiff's request for counsel without prejudice, deny his request to administratively terminate this action, and preclude him from filing any amended complaint in light of his repeated failures to amend where leave was granted and his persistence in ignoring this Court's orders to submit an amended complaint.

    13. On the question of appointment of counsel, Plaintiff has not presented any new arguments, or shown a change of circumstances, that would justify the Court reversing its opinions of February 23, 2010 and January 26, 2010. For the reasons expressed in those opinions, as well as Magistrate Judge Donio's opinion dated June 25, 2009, the Court will deny Plaintiff's motion for appointment of counsel without prejudice.

    14. The Court has found, and continues to find, that Plaintiff is currently capable of submitting an amended complaint. From December 15, 2008 until the present, Plaintiff has made ten filings with this Court, including a motion for reconsideration [Docket Items 172, 174-77, 181-82, 185, 187, 189]. In that period the Court has provided Plaintiff with four opportunities in which to submit his amended complaint [Docket Items 173, 184, 186, 188]. Plaintiff has ignored each deadline. The Court does not believe Plaintiff's representations that he

lacks the necessary stationary to submit his complaints, as the Court has received over thirty pages of submissions from Plaintiff since December 15, 2008, all delivered in envelopes. Moreover, as the Court explained in its February 23, 2010 Order, no legal research is required at this stage -- simply editing of an amended complaint that Plaintiff has already drafted.

 15. Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend the complaint] when justice so requires."  "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion."  Foman v. Davis, 371 U.S. 178, 182 (1962). Among the legitimate bases for denying a plaintiff the opportunity to amend the complaint are "substantial or undue prejudice, . . . truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted).

 16. The Court finds that Plaintiff has repeatedly failed to amend his complaint without adequate justification.  This has resulted in truly undue delay.  It has been over two years since Judge Donio granted Plaintiff leave to amend and over one year since the Court's first deadline of February 17, 2009.  See USX

Corp. v. Barnhart, 395 F.3d 161, 167-168 (3d Cir. 2004) ("[D]elay may become undue when a movant has had previous opportunities to amend a complaint.") (citation omitted). Given Plaintiff's ability but refusal to submit an amended complaint, the Court's interest in judicial economy and finality of litigation compel the Court to deny Plaintiff yet another opportunity to amend his complaint. Plaintiff may not amend his present complaint. The accompanying Order shall be entered.

**May 17, 2010**  **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  United States District Judge