```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL R. D'ALESSANDRO, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE |
| v. | Civil No. 05-5051 (JBS/AMD) |
| BUGLER TOBACCO COMPANY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Defendants Correctional Medical Services ("CMS"), Dr. Stephen Hoey, and Nurse Colleen Mayo's ("Defendants") motion for summary judgment [Docket Item 192]. THE COURT FINDS AS FOLLOWS:

1. Plaintiff brought suit in this Court on October 18, 2005. The underlying facts of this case have been addressed at length in other opinions, including this Court's Opinion of March 7, 2007 [Docket Item 122].[1] Plaintiff was an inmate incarcerated

---

[1] The facts and allegations listed in this paragraph are taken from the Complaint and from Defendants' affidavits and exhibits. Because Plaintiff did not include in his opposition papers a responsive statement of material facts, as required by L. Civ. R. 56.1(a), the Court would normally be required to deem all of Defendants' facts as undisputed. However, Defendants' statement of undisputed material facts also does not substantially comply with L. Civ. R. 56.1, which requires that the statement "cite[] to the affidavits and other documents submitted in support of the motion." Specifically, ¶¶ 5-104, while disclosing many details of Plaintiff's private medical information, cite to no admissible evidence which the Court could consider on summary judgment. Consequently, facts alleged in

at South Woods State Prison ("South Woods") during the time of the events alleged in his Complaint. (Compl. ¶ 1.) He alleges, among other things, that during his incarceration at South Woods, he was frequently placed in close proximity to other inmates who smoked tobacco products, exposing him to environmental tobacco smoke ("ETS"). (Compl. ¶¶ 6-9.) He claims that he requested (and was denied) a medical order from Defendants prohibiting South Woods from housing Plaintiff in the same cell as any inmate who smoked. (Compl. ¶ 11.) Smoking is prohibited in inmate cells at South Woods. (MacFarland Aff. ¶ 16, Defs.' Br. Ex. A.) CMS and its employees play no role in the assignment of inmates to cells or in enforcing the prison's non-smoking policy. (Ausfahl Aff., ¶¶ 5-6, Defs.' Br. Ex. C.) Plaintiff alleges that his exposure to ETS has aggravated his serious medical condition, namely Chronic Obstructive Pulmonary Disease ("COPD"). (Compl. ¶¶ 11-15.) Additionally, he claims that Defendants were partly responsible for his exposure to inadequate heating and hot water

---

these paragraphs of Defendants' statement will not be considered by the Court in its decision. Plaintiff argues that this litany of unsupported medical allegations constitutes a "misrepresentation" or "concealment, suppression or omission of all material facts" (Pl.'s Opp. Br. at 6) because he alleges that the complete medical records would include facts more favorable to his position. The Court will cure any misrepresentation created by this list by not considering any of the allegations contained therein on this motion. However, to the extent that Plaintiff seeks to use the existence of this list to absolve him of his obligations as the nonmoving party under Rule 56, Fed. R. Civ. P., to put forward evidence that supports the essential elements of his case, his argument is unavailing.

for showers.  (Compl. ¶¶ 19-27.)

  2. Plaintiff's Complaint raised seven counts for relief. Counts I through IV have previously been dismissed by this Court. See Order of February 6, 2006 [Docket Item 3] (dismissing Count IV); Opinion of March 7, 2007 [Docket Item 122] (dismissing Counts I and III); Memorandum Opinion of October 2, 2007 [Docket Item 163] (dismissing Count II).  Defendants currently seek summary judgment against the remaining three counts, Counts V through VII.

  3. On January 26, 2010, the Court ordered that the action would be reopened and granted Plaintiff an opportunity to file an amended complaint [Docket Item 184].  On February 23, 2010, the Court extended Plaintiff's time to file his amended complaint by several weeks [Docket Item 186].  On March 10, 2010, the Court again extended Plaintiff's time to file an amended complaint until April 30, 2010 [Docket Item 188].  On May 17, 2010, having received no amended complaint, the Court ordered that the time to file an amended complaint had expired [Docket Item 190]. Defendants subsequently moved for summary judgment on June 14, 2010.

  4. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it might affect the

3

outcome of the suit under the applicable rule of law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Summary judgment will not be denied based on mere allegations or denials by the nonmoving party; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); <u>United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993).  However, the Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party.  <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552 (1999).  Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case.  Fed. R. Civ. P. 56(c)(1)(B); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

    5.  Defendants seek summary judgment on several grounds.  First, Defendants argue that Plaintiff has abandoned any claims regarding the lack of hot water and heat at South Woods.  Second, Defendants argue that Plaintiff's claims relating to facts prior to 2003 should be barred by the statute of limitations.  Third, construing Plaintiff's Complaint to be seeking relief for state law medical negligence, Defendants argue that such relief is barred by Plaintiff's failure to comply with the New Jersey statutory "Affidavit of Merit" requirements of N.J. STAT. ANN.

4

2A:53A-27, and that Plaintiff has introduced no competent evidence establishing either duty or breach for such a claim. Finally, construing Plaintiff's claim as seeking relief for a violation of the Eighth Amendment 42 U.S.C. § 1983, Defendants argue that Plaintiff has failed to produce evidence that his occasional exposure to ETS exacerbated his COPD or that Defendants exhibited deliberate indifference to that serious medical need.

6. First, Defendants argue that any claim for relief stemming from Plaintiff's alleged denial of heat or hot water for showers has been abandoned. Plaintiff does not contest this point.[2] Consequently, the Court will grant Defendants summary judgment against any claims stemming from Plaintiff's lack of heat or hot water.

7. Next, Defendants argue that the statute of limitations should limit Plaintiff's claims to only those arising from events

---

[2] Plaintiff argues, cryptically, that "Summary Judgment can not, should not be granted on the abandoned issue of hot water because it is moot and res judicata, and the Court is asked to 'beat a dead horse'." (Pl.'s Opp. at 2) (emphasis original). The Court interprets this statement to mean that it should not grant summary judgment for all of Plaintiff's claims merely because he abandoned the hot water claim. According to this interpretation, then, the proposition that Plaintiff has abandoned claims related to heat and hot water is not contested. However, to the extent that Plaintiff intended this argument to mean that he has not abandoned the heat and hot water claims, the Court concludes, for the same reasons stated in its March 7, 2007 Opinion, that they have been abandoned. See D'Alessandro v. Bugler Tobacco Co., Civ. No. 05-5051, slip op. 2007 WL 748443 at *1 n.3 (D.N.J. Mar. 7, 2007).

5

or occurrences that transpired subsequent to October of 2003. The Court declines to impose such a limit on Plaintiff's claims for the same reasons it declined to recognize such a defense for Defendant MacFarland in its March 7, 2007 Opinion. See D'Alessandro v. Bugler Tobacco Co., Civ. No. 05-5051, slip op., 2007 WL 748443 at 2007 WL 748443 at *8 (D.N.J. Mar. 7, 2007) (holding that Plaintiff's § 1983 claims "did not accrue at the time of the injury but rather after Plaintiff had an opportunity to exhaust his available prison remedies"). Consequently, the Court will deny Defendants' motion for summary judgment on the issue of statute of limitations.

8. Defendants next argue that any state medical negligence claims against Defendants Dr. Hoey and Nurse Mayo are precluded by the New Jersey "Affidavit of Merit" statute, N.J. Stat. Ann. 2A:53A-26 - 29. Under the Affidavit of Merit Statute, any plaintiff seeking state law recovery for medical negligence or malpractice by a licensed professional such as the individual Defendants here must, within 90 days of the answer, provide to each defendant an "affidavit of an appropriate licensed person" attesting that a reasonable probability exists that such defendants breached a duty to plaintiff by providing care that fell below an acceptable professional standard of care. N.J. Stat. Ann. 2A:53A-27. It is uncontested that Plaintiff here has not filed such an affidavit in this case. Defendants argue that,

under Ricra v. Barbera, 328 N.J. Super 424 (App. Div. 2000), Plaintiff's failure to file such an affidavit must preclude his recovery under state law. The Court agrees.[3] Consequently, the Court will grant summary judgment for the individual Defendants on any claim for state law medical negligence.

Defendants also argue that summary judgment should be granted for all moving Defendants on any state law medical negligence claim because Plaintiff cannot point to any evidence in the record that raises a dispute of fact over whether any action by Defendants proximately caused any injury to Plaintiff. Plaintiff opposes summary judgment on this point by arguing that evidence of causation has been withheld by Defendants. (Pl.'s Br. Opp. at 3.) Plaintiff's argument is unsuccessful, however, because it was his burden, not Defendants', to put forward evidence supporting his claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the

---

[3] Plaintiff does not meaningfully contest this point, but the Court notes that failure to file an affidavit of merit is not fatal to a medical negligence or malpractice claim in all cases. See Hubbard v. Reed, 168 N.J. 387 (2001) (allowing malpractice claim to proceed despite failure to file affidavit of merit in a case where "common knowledge" exception applied). See also Natale v. Camden County Corr. Facility, 318 F.3d 573 (3d Cir. 2003) (applying Hubbard). As Plaintiff has not argued that the "common knowledge" exception should apply in this case, however, the Court will not reach it.

nonmoving party's case"). To the extent that Plaintiff argues that Defendants have failed to provide necessary discovery, the appropriate course would have been to include in his opposition an affidavit under Rule 56(d), Fed. R. Civ. P. (former Rule 56(f)), specifying the reasons why he cannot present facts essential to justify his opposition. Consequently, Plaintiff has failed to meet his burden as the nonmoving party under Rule 56 on this point, and the Court will grant summary judgment against any claim for state law medical negligence.

9. Finally, Defendants argue that summary judgment is appropriate against Plaintiff's claims under § 1983 because he can point to no evidence demonstrating a violation of his Eighth Amendment Rights. The Supreme Court has addressed the question of exposure to ETS as a potential Eighth Amendment violation in Helling v. McKinney, 509 U.S. 25 (1993) and the Third Circuit did so in Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). In Helling, the Court stated that a prisoner who, like the Plaintiff here, claims that his exposure to ETS violates his Eighth Amendment Rights must prove two elements in order to recover under § 1983: 1) that defendants exposed the plaintiff "to levels of ETS that pose an unreasonable risk of serious damage to his future health," and 2) the defendants did so "with deliberate indifference". Helling, 509 U.S. at 35. To prove the first "objective" prong, a plaintiff must offer proof that he "is being

8

exposed to unreasonably high levels of ETS." Id.  In <u>Atkinson</u>, the Third Circuit broadened this prong to also include proof of present injury, not merely risk to his future health.  <u>Atkinson</u>, 316 F.3d at 266.  In other words, Plaintiff must point to admissible evidence raising a dispute of fact over whether he has already suffered or likely will in the future suffer serious damage as a result of the ETS he has encountered at South Woods.  This prong is characterized in <u>Atkinson</u> as fitting into the traditional "existing serious medical needs" prong from <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The Court must determine, therefore, whether Plaintiff's diagnosis of COPD, standing alone, is sufficient to meet this subjective prong.

  Defendants argue that Plaintiff has not satisfied this prong because he has offered no evidence that his occasional exposure to ETS at South Woods has caused him harm by, say, causing or aggravating his COPD.  Plaintiff argues again that such proof might be contained in his complete medical records which were not supplied by Defendants.  The Plaintiff bears the burden of producing evidence under Rule 56(c)(1)(A), Fed. R. Civ. P., and his mere allegations alone are insufficient to meet that burden.  <u>United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993).  The Court concludes that <u>Atkinson</u> and <u>Helling</u> suggest that a successful plaintiff must produce some evidence besides his own speculative

9

allegations that occasional exposure to ETS has caused or aggravated his existing medical needs or will likely cause future harm.

    10.  Defendants also argue that Plaintiff's § 1983 claim must fail because he has not produced evidence indicating a deliberate indifference on their part to his serious medical needs.  Under <u>Atkinson</u>, Plaintiff must put forward evidence that Defendants exhibited deliberate indifference to his serious medical need.  316 F.3d at 266.  Mere negligence on the part of medical defendants is insufficient.  <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999) ("it is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference") (internal quotation marks omitted).  Defendants cite to the New Jersey Department of Corrections Inmate Handbook to demonstrate that smoking is prohibited "inside any building."  (Inmate Handbook ¶ 14, Defs' Mot. Summary J. Ex. B.)  Should inmates encounter other inmates violating the rule, Defendants have produced evidence that a grievance procedure is in place to address the problem.  (Ausfahl Aff. ¶ 7.)  Additionally, Defendants had no control over who was assigned as Plaintiff's cell mate (<u>id.</u> ¶ 5), nor whether the cell mate would violate prison regulation and smoke in the cell.  Defendants also point to the fact that Plaintiff has introduced no evidence indicating

that Defendants denied him care when he sought it at South Woods. Thus, Plaintiff cannot point to any evidence that he was denied care by these Defendants, either negligently or with deliberate indifference.  Consequently, the Court concludes that Plaintiff has failed to meet his burden on this prong.  Plaintiff's failure to satisfy either prong of the Estelle v. Gamble framework requires that summary judgment be entered against his Eighth Amendment claim under § 1983.

11.  Defendants also argue that summary judgment is appropriate for Defendant CMS because Plaintiff has introduced no evidence of direct involvement by the organizational Defendant as required for § 1983 municipal liability under Monell v. Dep't of Soc. Serv., 438 U.S. 658 (1978).  Because the Court has already decided that summary judgment should be entered against Plaintiff's § 1983 claims against all Defendants, it does not reach this issue.

12.  Plaintiff argues in his opposition brief that the Court should appoint pro bono counsel and/or for the Court to again place the case on administrative hold.  These are not new requests from this Plaintiff; the Court has previously denied such requests on multiple occasions, most recently in its Memorandum Opinion and Order of May 17, 2010 [Docket Items 190 & 191].  Plaintiff makes substantially the same arguments for administrative hold or appointment of pro bono counsel in the

11

instant matter. Therefore, for the reasons stated in the Court's Memorandum Opinion of May 17, 2010, the Court will again deny these requests.

    13. In sum, the Court will grant Defendants motion for summary judgment against Plaintiff's remaining claims, Claims V, VI, and VII. As Defendants' remaining crossclaims for contribution and indemnity are thereby rendered moot, the Court will dismiss those claims. The accompanying Order shall be entered.

**December 10, 2010**                **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                                   United States District Judge